UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES WALLACE,

    Plaintiff,                                                   Civil Action No. 12-CV-12656

vs.                                                        HON. BERNARD A. FRIEDMAN

WAYNE COUNTY, et al.,

    Defendants.

_____/

### ORDER DENYING DEFENDANTS' EMERGENCY MOTION FOR PARTIAL STAY OF MAGISTRATE JUDGE'S FEBRUARY 1, 2013, ORDER

Defendants have filed an "emergency motion for partial stay of the magistrate judge's February 1, 2013, order (dkt. #71)" [docket entry 78]. Defendants seek a stay, pending a hearing on their objections, of the second paragraph of Magistrate Judge Randon's February 1, 2013, order, granting in part plaintiff's motion to compel the production of documents in response to his requests nos. 7 and 22. That paragraph of the order states:

> 2) Regarding Requests to Produce No. 7, 22: Plaintiff will provide to Defendants a list of up to ten (10) individuals he alleges were doing non-profit and/or political work on County time by February 9, 2013.
> Defendants will search the personal e-mail inboxes of the named Defendants for the names of the individuals identified by Plaintiff and for Plaintiff's name and will produce any emails or documents that relate to non-profit and/or political work being done by these individuals within fourteen (14) days after Plaintiff provides the names.

On February 8, 2013, plaintiff emailed defense counsel a list of ten names. On February 15, 2013, defendants filed the instant motion and, simultaneously, their objections to the magistrate judge's February 1, 2013, order. Defendants indicate that unless the magistrate judge's order is stayed, they

must produce the required emails by February 25, 2013.[1]  The Court has scheduled a hearing on defendants' objections for March 6, 2013.

> Defendants argue the magistrate judge's order is erroneous
>
> because it requires the production of personal, **non-County** emails (a) without regard to whether the emails relate to Plaintiff and his claims that he was retaliated against for refusing to engage in partisan political and non-profit outreach support activities **on County time**; and (b) involving communications about political activities that do not involve Plaintiff and implicate Defendants' First Amendment rights.

Defs.' Emergency Mot. at 2 (emphasis in original).  Defendants ask that the above-quoted paragraph of the magistrate judge's order be stayed until the Court hears their objections.  Plaintiff opposes the motion and argues he needs the emails the magistrate judge has ordered defendants to produce so that he can prepare for defendant Ficano's deposition, scheduled for March 8, 2013.

Defendants have not shown that an "emergency" exists such that the Court should stay the magistrate judge's February 1, 2013, order pending a hearing on their objections.  The main thrust of the alleged emergency is that defendants' First Amendment rights of political association will be infringed if they must comply with the order.  And yet defendants did not make this argument in their written response to plaintiff's motion to compel [*see* docket entry 52] or at the oral argument before the magistrate judge.  To the contrary, on both occasions defendants argued only that the requested emails are irrelevant and unduly burdensome to produce, not that their First Amendment rights were in any way implicated.  Indeed, at the oral argument before the magistrate

---

[1] The magistrate judge ordered that the emails be produced "within fourteen (14) days after Plaintiff provides the names."  Defendants acknowledge that "[o]n Friday, February 8, at 4:46 PM, Plaintiff provided a list of ten individuals." Defs.' Emergency Mot. at 2.  Fourteen days thereafter is February 22.  Under Fed. R. Civ. P. 6(d), three days are added to this period.

judge, it was *defense counsel's* suggestion that plaintiff's request be narrowed to ten names and it was he who indicated that "[i]f they provide us with the names of people they believe that were profit – were pressured to do that, *then we could easily do a search*." Tr. at 19-20 (emphasis added). Further, if defendants believed a true emergency existed, they should have filed the instant motion promptly. Instead, they did not do so until 14 days after the magistrate judge issued his order and seven days after being served with plaintiff's list of names, despite knowing that defendant Ficano's deposition is fast approaching and that plaintiff understandably would want to have the requested information well prior thereto.

Further, the imagined emergency is based on an apparent misperception of the magistrate judge's order. The order does not "require[] the production of personal, **non-County** emails . . . without regard to whether the emails relate to Plaintiff and his claims that he was retaliated against for refusing to engage in partisan political and non-profit outreach support activities **on County time**" or emails "involving communications about political activities that do not involve Plaintiff." As was discussed at the magistrate judge's hearing, the requested emails *do* relate to plaintiff's retaliation claim because plaintiff seeks to discover whether other county employees were subjected to the same kind of pressure as he was, namely, to do political work on county time. Defendants' personal email accounts are "fair game" for this search because, as defense counsel acknowledged at the hearing, "public employees are supposed to . . . use their personal inbox . . . to communicate about political work." Tr. at 18. Therefore, the magistrate judge has not ordered the production of "non-County emails," but emails in defendants' personal email accounts which "relate to non-profit and/or political work being done by" plaintiff or any of the ten

3

individuals on plaintiff's list.[2]

Finally, defendants err in asserting that "[t]he Court has already granted a stay of a discovery order in a similar context . . ." Defs.' Emergency Mot. at 3. The contexts are not similar. The Court temporarily stayed the magistrate judge's order granting defendants' motion to compel and requiring plaintiff to "provide Defendants all documents or recordings reflecting or concerning any conversations between Plaintiff's attorney and any member of the media, if such documents or recordings mention Plaintiff or Defendants" because the Court questioned the relevance of this request. At the January 8, 2013, magistrate judge's hearing on defendants' motion to compel, which plaintiff vigorously opposed, defense counsel offered at best a very weak explanation for this document request:

> MR. SCHWARTZ: In part to make sure. I don't know if counsel wrote something to the media that said, look. Here's some documents that, you know, we don't think plaintiff has much of a claim, but we're going to file this case, pursue a media strategy. That may put pressure on them to settle, maybe there's some party admissions or handwritten communications that go along with the email communications. We believe those to be relevant to the case, too.
>
> \* \* \*
>
> It could be -- when counsel is -- counsel represents parties, counsel's admissions are binding on the parties. Counsel says something in there that could be attributed to the party, that might be admissible. And to be perfectly honest, Your Honor, I don't know this is a point

---

[2] However, the magistrate judge indicated at the hearing that the individuals on plaintiff's list must be "in the same position as" plaintiff, i.e., county employees. Tr. at 19, 21. In their objections, defendants state that two of the individuals on plaintiff's list, Deanna Tom and Shelley Sams, "never worked for the County and instead were part-time employees of the Robert A Ficano Committee." Defs.' Obj. at 4. If this is true, then plaintiff's inclusion of Tom and Sams is not in accordance with the magistrate judge's order to provide defendants with a list of ten county employees. As to these two individuals only, the Court shall stay the magistrate judge's order until the March 6, 2013, hearing on defendants' objections.

>of discovery. We're supposed to figure out what their chances are, it won't be admissible and won't be added but it could be used to discover in this case.

Tr. 27, 37. Under those circumstances, a temporary stay of the magistrate judge's order pending a hearing on plaintiff's objections was appropriate. In contrast, plaintiff has convincingly explained the relevance of the emails he has requested from defendants' personal email accounts, and defense counsel has indicated that the requested search "easily" can be done. The context is entirely different. Accordingly,

IT IS ORDERED that defendants' emergency motion for partial stay of the magistrate judge's February 1, 2013, order is denied, except to the limited extent indicated in fn. 2.

Dated: February 21, 2013         s/ Bernard A. Friedman
                                 BERNARD A. FRIEDMAN
                                 SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing was sent to parties of record on February 21, 2013, electronically or by U.S. mail.

                                 s/ Michael Williams
                                 Relief Case Manager for the Honorable
                                 Bernard A. Friedman

5